**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

VERLINA BREWER,

    Plaintiff,

    v.                                                                    Case No. 17-11364

DETROIT PUBLIC SCHOOLS COMMUNITY
DISTRICT, et al.,

    Defendants.
_____/

## ORDER OVERRULING OBJECTIONS

Pro se Plaintiff Verlina Brewer Plaintiff objects to Magistrate Judge Elizabeth

Stafford's order (Dkt. #18) that the court will not, at this time, seek out and appoint an

attorney to represent her in this litigation pursuant to 28 U.S.C. § 1915(e)(1). The court

assigned all pre-trial matters to the Magistrate Judge under 28 U.S.C. § 636. (Dkt. # 8.)

Congress intended 28 U.S.C. § 636 to relieve the burden on the federal judiciary

by permitting the assignment of district court duties to magistrate judges. See *United*

*States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States,* 490

U.S. 858, 869–70 (1989)). Section 636(b)(1)(A) provides that the district court "may

reconsider any pretrial matter [referred to the magistrate judge] . . . where it has been

shown that the magistrate's order is clearly erroneous or contrary to law." Federal Rule

of Civil Procedure 72(a) "implements" § 636, providing that the "district judge to whom

the case is assigned shall consider such objections and shall modify or set aside any

portion of the magistrate's order found to be clearly erroneous or contrary to law." See

*Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993).

A judicial finding is "clearly erroneous" when it leaves the reviewing court with a definite and firm conviction that a mistake has been committed. Under the clearly erroneous standard, a court reviewing a magistrate judge's order does not ask whether the finding is the best conclusion to be drawn from the evidence. This does not permit the reviewing court to substitute its own conclusion for that of the magistrate judge. Rather, the standard only requires the reviewing court to determine if there is evidence to support the magistrate judge's finding and that the finding was reasonable. *Heights Cmty. Congress v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985)).

The issue addressed in the Magistrate Judge's June 28, 2017 Order is non-dispositive. The Magistrate Judge's properly addressed and analyzed the factors to consider in response to a request for an appointed attorney to serve at no cost to a party. Plaintiff raises essentially the same issues in her objection to the decision as raised in her original request, and appears to under the impression that the court has a roster of attorneys from which it can order an attorney to accept a civil litigation assignment as is done in criminal litigation. The Magistrate Judge's Order explains that this is not the case—the court can only *request* that an attorney accept representation without being compensated. *See* 28 U.S.C. § 1915(e)(1) ("The court may *request* an attorney to represent any person unable to afford counsel.") (emphasis added).

Reviewing the Magistrate Judge's conclusions under the clearly erroneous or contrary to law standard, the question is whether the Magistrate Judge's ruling is clearly erroneous. As explained above, it is not. Accordingly,

IT IS ORDERED that Plaintiff's objections (Dkt. #20) to the Magistrate Judge's

Order (Dkt. # 18) are OVERRULED.


                              s/Robert H. Cleland
                              ROBERT H. CLELAND
                              UNITED STATES DISTRICT JUDGE


Dated:  August 16, 2017


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 16, 2017, by electronic and/or ordinary mail.

                              s/Julie Owens
                              Acting in the absence of Lisa Wagner
                              Case Manager and Deputy Clerk
                              (313) 234-5522