UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VERLINA BREWER,                           Civil Action No. 17-11364
                                          Honorable Robert H. Cleland
        Plaintiff,              Magistrate Judge Elizabeth A. Stafford

v.

DETROIT PUBLIC SCHOOLS
COMMUNITY DISTRICT, *et al.*,

        Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT THE STATE OF MICHIGAN'S MOTION TO DISMISS [ECF NO. 19], TO DISMISS THE CLAIMS AGAINST THE INDIVIDUALLY-NAMED DEFENDANTS FOR LACK OF SERVICE, AND TO DENY PLAINTIFF'S PENDING MOTIONS [ECF NOS. 9, 10]**

**I.    Introduction**

On April 28, 2017, Plaintiff Verlina Brewer filed her *pro se* complaint against Defendants Detroit Public Schools Community District, Lauri Washington, Anita Greer, M. Frencher, Myrina Scott, and the State of Michigan. [ECF No. 1]. This action was referred to the undersigned to resolve all pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). [ECF No. 8]. Currently pending are the State's motion to dismiss [ECF No. 19] and three motions filed by plaintiff, including a request for injunctive relief, a challenge to a Michigan State statute, and a request for mediation.

1

[ECF Nos. 9, 10, 23]. In addition, Brewer was ordered to serve the individually-named defendants by January 3, 2018, [ECF No. 30], and the docket fails to show that she has done so. [ECF No. 30].

For the reasons that follow, the Court recommends that the State's motion to dismiss [ECF No. 19] be **GRANTED**, that the claims against the individually-named defendants be **DISMISSED WITHOUT PREJUDICE**, and that plaintiff's pending motions [ECF Nos. 9, 10] be **DENIED**.

## II. Analysis

### A.

The State's motion to dismiss is filed pursuant to Federal Rule of Civil Procedure 12(b)(6). [ECF No. 19]. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v.*

2

*Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original).

In deciding whether a plaintiff has set forth a "plausible" claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations. *Id*. But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678, and the Court has no duty to create a claim not spelled out in the pleadings. *Freightliner of Knoxville, Inc. v. DaimlerChrysler Vans, LLC*, 484 F.3d 865, 871 n.4 (6th Cir. 2007). In addition, pleadings filed by *pro se* litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers, but such complaints still must plead a plausible claim for relief. *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007); *Davis v. Prison Health Services*, 679 F.3d 433, 437-38 (6th Cir. 2012).

Brewer is a former teacher with the Detroit Public School District (DPS). With respect to the State, she alleges that M.C.L. § 423.215(3)(m)[1] violated her due process rights in that it prohibited her union from filing

---

[1] Brewer's complaint confusingly refers to "MCL 423.210 Public Act 103 of 2011 (PA amendment section 15(3)(m)." [ECF No. 1, PageID 2]. The Court infers that she means to cite Section 423.215(3)(m) because that is the statute identified in the decision she attaches to her response to the motion to dismiss. [ECF No. 25, PageID 136-42].

grievances on her behalf to address the disciplinary actions taken against her, including her discharge. [ECF No. 1, PageID 2, 4 (¶ 20) & 5 (¶ 34)]. In relevant part, Section 423.215(3)(m) prohibits collective bargaining of "decisions concerning the discharge or discipline of an individual employee, or the impact of those decisions on an individual employee or the bargaining unit." Brewer requests as relief that the attorney general for the State be ordered to investigate Section 423.215(3)(m), and that the statute be deemed unconstitutional. [*Id*., PageID 6]. The Court infers that Brewer is requesting injunctive and declaratory relief from the State.

In its motion, the State asserts that it is unaware of a statute that prohibits unions from filing grievances regarding employee disciplinary actions. But Brewer attaches to her response a decision by a Michigan Employment Relations Commission administrate law judge (ALJ) rejecting the Detroit Federal of Teachers' challenge to DPS's assertion that it would no longer hear grievances concerning discharge or discipline. [ECF No. 25, PageID 136-42]. The ALJ cited Section 423.215(3)(m) as obviating DPS's duty to process union grievances over the discipline or discharge of four teachers. [*Id*., PageID 141]. This supports Brewer's contention that her union was precluded from grieving her discharge.

But the State of Michigan is not a proper party. The Eleventh

Amendment protects the State, its departments and agencies from suit in federal court for injunctive, monetary or declaratory relief by its own citizens or citizens of another State. *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Absent clear abrogation of a state's immunity pursuant to a valid exercise of power, a state and its officials may not be sued without its consent, except that plaintiff may sue a state official for prospective injunctive relief to end a continuing violation of federal law. *Id*. at 54, 73; *Green v. Mansour*, 474 U.S. 64, 68 (1985). Michigan has not consented to civil rights suits in federal court. *Johnson v. Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004). The State's motion to dismiss should therefore be granted.

**B.**

Brewer was provided with summonses for all defendants on May 5, 2017. [ECF No. 6]. Because she had not served any of the individually-named defendants, this Court issued an order on September 12, 2017, to show cause why the complaint as to the individually-named defendants should not be dismissed for failure to prosecute. [ECF No. 26]. Brewer responded that she had served by certified mail the summonses for the individually-named defendants on the attorney representing DPS, as those defendants were all employed by the school district. [ECF No. 28].

However, the DPS Office of General Counsel had not appeared on behalf of the individually-named defendants, and it answered the complaint only on behalf of the district. [ECF No. 16]. And the Court does not believe that Brewer has properly served the individually-named defendants, although the particular method of service necessary for those defendants is unclear because Brewer's complaint does not indicate whether those defendants are sued in their individual or official capacities, or both. [ECF No. 1].

"With respect to individual capacity claims, Rule 4(e) requires that a plaintiff perfect personal service on each defendant." *Hays v. Wharton*, No. 11-2193-JDT-TMP, 2014 WL 726831, at *2 (W.D. Tenn. Feb. 24, 2014) (citing Fed. R. Civ. P. 4(e)). But suing a defendant in his official capacity is the same as suing the governmental entity; in such a case, service must be made under Rule 4(j). *Id.* Rule 4(j)(2)(B) allows service in a manner prescribed by state law. In Michigan, service of process on officials of public bodies "may be made by [1] serving a summons and a copy of the complaint on a person in charge of the office of an officer on whom service may be made and [2] sending a summons and a copy of the complaint by registered mail addressed to the officer at his or her office." Mich. Ct. R. 2.105(G) (emphasis added). Importantly, service under Rule 2.105(G) to the person in charge may not be made by mail; personal service is

6

required. *Griffin v. City of Sturgis*, No. 1:09-CV-1126, 2010 WL 2681050, at *2 (W.D. Mich. July 6, 2010) ("There is no indication in the text of the [Rule 2.105(G)] that the Michigan Supreme Court intended the term 'serving' to include mailing."). Brewer has indicated that she served the general counsel of the district by certified mail, but she has neither shown that she properly served persons in charge of the individually-named defendants, nor that she served each individually-named defendant by registered mail at his or her office. Both are mandatory. *Ramirez v. City of Saginaw*, No. 10-10739-BC, 2010 WL 3385304, at *2 (E.D. Mich. Aug. 24, 2010).

Thus, although the Court vacated the order to show cause on December 20, 2017, [ECF No. 29], it found that Brewer had neither perfected proper service under Rule 4(e) on the individually-named defendants as required for a suit against them in their individual capacity, nor under Rule 4(j) as required for suit against those defendants in their official capacities. [ECF No. 30]. The Court then considered Rule 4(m), which provides in pertinent part:

> (m) Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service

7

for an appropriate period.

Finding good cause for Brewer's failure to properly serve the individually-named defendants, the Court gave her additional time—until January 3, 2018—to do so. [ECF No. 30, PageID 167]. Since Brewer has not acted within the additional time allowed, her claims against the individually-named defendants should be dismissed without prejudice.

## C.

Brewer has filed a motion seeking to challenge the constitutionality of Section 423.210, but for the reasons stated in footnote 1, the Court interprets her as referring to Section 423.215(3)(m). [ECF No. 9]. Because the State is not a proper party, her motion should be denied.

## D.

Brewer has also filed a motion requesting emergency temporary injunctive relief. [ECF No. 10]. She requests that DPS be prohibited from reporting to prospective employers and the State of Michigan that she has been charged with unprofessional conduct, including corporal punishment; that she be able to challenge her negative evaluation and possibly remove that evaluation; that she be provided with six months of back-pay; and that she be reinstated as a contract teacher with ADA accommodations. [ECF No. 10, PageID 44].

The Court must weigh four factors to determine whether injunctive relief is warranted: (1) whether the plaintiff has a strong likelihood of success on the merits; (2) whether the plaintiff would suffer irreparable harm without the requested relief; (3) whether issuance of the temporary restraining order or preliminary injunction would cause substantial harm to others; and (4) whether the requested relief would serve the public interest. *Tumblebus Inc. v. Cranmer*, 399 F.3d 754, 760 (6th Cir. 2005); *Thomas v. Schroer*, 116 F. Supp. 3d 869, 874 (W.D. Tenn. 2015). The movant bears a heavy burden of demonstrating entitlement to injunctive relief; the proofs required are much more stringent than that required to survive a motion for summary judgment. *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002); *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007).

Here, Brewer's motion includes no proofs nor any legal authority to demonstrate a likelihood—much less a strong likelihood—that she will prevail on the merits. Her motion for injunctive relief should be denied.

### III. CONCLUSION

For the foregoing reasons, the Court recommends that the State of Michigan's motion to dismiss **[ECF No. 19]** be **GRANTED**, that the claims against the individually-named defendants be **DISMISSED WITHOUT**

**PREJUDICE**, and that plaintiff's pending motions **[ECF Nos. 9, 10]** be

**DENIED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: January 10, 2018

## NOTICE TO PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and

Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 10, 2018.

                                                              s/Marlena Williams
                                                              MARLENA WILLIAMS
                                                              Case Manager