UNITED STATES DISTRICT COURT
                   FOR THE EASTERN DISTRICT OF MICHIGAN
                             SOUTHERN DIVISION

VERLINA BREWER,

    Plaintiff,

v.                                                              Case No. 17-11364

DETROIT PUBLIC SCHOOLS COMMUNITY
DISTRICT, et al.,

    Defendants.
                                                    /

**OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS, (2) ADOPTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, (3) GRANTING DEFENDANT STATE OF MICHIGAN'S MOTION TO DISMISS, AND (4) DENYING PLAINTIFF'S PENDING MOTIONS**

Plaintiff Verlina Brewer, a former teacher with the Detroit Public School District ("DPS"), brings various claims related to her employment with DPS and her allegedly unlawful discharge. (Dkt. #1.) The Magistrate Judge issued a Report and Recommendation ("R&R") advising that the court should: grant Defendant State of Michigan's Motion to Dismiss (Dkt. #19), dismiss the claims against the individual Defendants for failure to serve, and deny Plaintiff's pending motions to "challenge" a state statute (Dkt. #9) and for injunctive relief (Dkt. #10). (Dkt. #31.) Plaintiff filed two objections to the R&R. (Dkt. #33.) The court has determined that a hearing is unnecessary. E.D. Mich. L.R. 7.1(f)(2). For the reasons stated below and in the R&R, the court will overrule Plaintiff's objections and adopt in part the R&R.

**I. STANDARD**

The timely filing of objections to an R&R requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *Gant v. Genco I, Inc.*, 274 F. App'x 429, 431–32 (6th Cir. 2008). The court must then re-examine all evidence relevant to the objected-to portion of the R&R and determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981), enabling the court "to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *Alspaugh v. McConnell*, 643 F.3d 162, 166 (6th Cir. 2011) (quoting *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991)).

**II. DISCUSSION**

Because the state of Michigan has not consented to civil rights suits in federal court, *see Johnson v. Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004), the Magistrate Judge recommends that Defendant State of Michigan's motion should be granted and the State should be dismissed under the doctrine of sovereign immunity. (*See* Dkt. #31 Pg. ID 172–73.) The Magistrate Judge further recommends that the individual Defendants

be dismissed under Federal Rule of Civil Procedure 4(m) because Plaintiff has not properly served them. (*Id.* at Pg. ID 175.) Finally, the Magistrate Judge recommends that Plaintiff's motion to challenge the constitutionality of Mich. Comp. Laws 423.215(3)(m) (Dkt. #9) be denied because the State is not a proper party, and that her motion for injunctive relief (Dkt. #10) be denied because Plaintiff has made no showing of a strong likelihood of success on the merits.

### A. Service of the Individual Defendants

Plaintiffs first objection to the R&R is that she properly served the individual Defendants through service to the "Chief Operating Officer for Detroit Public Schools Community District." Confusingly, Plaintiff also says that service was made by delivering a copy of the complaint to "the attorney of record in June of 2017 and now by January 2, 2017." (Dkt. #33 Pg. ID 182.) The court is uncertain whether Plaintiff means to suggest that she served the individual Defendants through service on the Chief Operating Officer for Detroit Public Schools Community District, through service on the individual Defendants' attorney, or both. Further complicating matters is that Plaintiff's complaint does not state whether the individual Defendants are sued in their official or individual capacity. In any event, the required evidence of service is lacking, and the individual Defendants must be dismissed.

Where a plaintiff fails to designate an individual defendant as being sued in his official or individual capacity, "by operation of law, defendants are deemed sued in their official capacities." *Soper v. Hoben*, 195 F.3d 845, 853 (6th Cir. 1999). A suit against an individual in his official capacity is tantamount to a suit against the governmental entity. *Id.* Thus, Plaintiffs' suit—which does not specify whether the individual Defendants are

3

sued in their individual or official capacities—is presumptively against the individuals in their official capacity. As such, service would generally be required under Federal Rule of Civil Procedure 4(j), which provides for service on a state or local government. Even assuming that Plaintiff had designated the individual Defendants as sued in their individual capacity, however, service was still not appropriately made.

Federal Rule of Civil Procedure 4(j) provides two methods for service on a state or local government: "(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Federal Rule of Civil Procedure 4(e) provides for several methods of service on an individual defendant: (A) "delivering a copy of the summons and of the complaint to the individual personally," (B) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or (C) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." In addition, the Rule permits service on an individual by following state law for serving a summons in the state in which the district court sits. Fed. R. Civ. P. 4(e)(1).

Plaintiff has indisputably not served any of the individual Defendants through the methods authorized by the federal rules. Plaintiff's apparent method of service has been certified mail. (*See* Dkt. #28.) The federal rules do not permit service on either an individual or a state or local government through certified mail.

What remains, then, is whether Plaintiff properly served the individual defendants as authorized by Michigan rules for service of process. Mich. Ct. R. 2.105(G) permits service on "public corporations" via service on various persons irrelevant here. It also

4

provides for service by "serving a summons and a copy of the complaint on a person in charge of the office of an officer on whom service may be made and sending a summons and a copy of the complaint by registered mail addressed to the officer at his or her office." Plaintiff has made no argument that she personally served a copy of the summons and complaint on a person in charge of the individual Defendants' office, and the court has found nothing in the record to suggest she has. Thus, Plaintiff has not served the individual Defendants via service on their respective governmental entities.

Mich. Ct. R. 2.105(A) permits service on an individual by "(1) delivering a summons and a copy of the complaint to the defendant personally; or (2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee." Service is effective under this latter method when "the defendant acknowledges receipt of the mail." Mich. Ct. R. 2.105(A)(2). Here, there is no evidence on the record that Plaintiff personally served any of the individual Defendants. Nor is there any evidence that she sent each individual Defendant a copy of the summons and complaint, let alone that any of the individual Defendants acknowledged such a mailing. Plaintiff has therefore failed to serve the individual Defendants.

Plaintiff filed her complaint on April 28, 2017, and had 90 days from that time to serve the individual Defendants. The Magistrate Judge extended that deadline, giving Plaintiff until January 3, 2018 to properly serve. (Dkt. #30.) Plaintiff has still not properly served. Thus, the court "must dismiss the action without prejudice against [those] defendant[s]." Fed. R. Civ. P. 4(m).

### B. Dismissal of Defendant State of Michigan

Plaintiff's second objection is to the "decision to allow the State of Michigan to be removed from the case[,] generally stating that the State of Michigan has no interest in the case." (Dkt. #33 Pg. ID 182.) Plaintiff goes on to quote the "Public Employee Relations Act" and a number of other sources the court cannot identify. (*Id.* at Pg. ID 183–84.)

### *i. Sovereign Immunity*

The Magistrate Judge recommends granting the State of Michigan's motion to dismiss because the State is protected by Eleventh Amendment sovereign immunity. Citing *Johnson v. Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004), she notes that Michigan has not consented to civil rights suits in federal court.

A suit against a State is "barred by the Eleventh Amendment, unless [the State] has consented to the filing of such a suit," or Congress has abrogated the State's Eleventh Amendment immunity. *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013) (alteration original) (quoting *Alabama v. Pugh*, 438 U.S. 781, 782 (1978)). The Magistrate Judge is correct that, as to civil rights suits brought under § 1983, Michigan has not consented to be subject to suit. *Harrison*, 722 F.3d at 771. Thus, to the extent that Plaintiff has stated a cause of action seeking money damages and arising under the Fourteenth or Fifteenth Amendments against the State of Michigan, those claims are properly foreclosed by the State's sovereign immunity.

But Plaintiff has also alleged violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, and of the Rehabilitation Act ("RA"), 29 U.S.C. § 701. (*See* Dkt. #1 Pg. ID 1 ("This is an action under the American[s] with Disabilities Act of 1990

6

(ADA) and the Rehabilitation Act of 1973, Section 504 . . . .").) Congress has purportedly abrogated the states' sovereign immunity as to violations of both of these laws. *See* 42 U.S.C. § 12202 ("A State shall not be immune under the eleventh amendment to the Constitution of the United States from an action in Federal or State court of competent jurisdiction for a violation of this chapter."); 42 U.S.C. § 2000d–7(a)(1) ("A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of section 504 of the Rehabilitation Act of 1973."). As to the ADA, the Supreme Court has held that a state is immune from suits brought under Title I. *See Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 374 (2001). Determining whether the state has sovereign immunity as to a claim brought under Title II, however, requires a three-pronged analysis: the court must examine "on a claim-by-claim basis, (1) which aspects of the State's alleged conduct violated Title II; (2) to what extent such misconduct also violated the Fourteenth Amendment; and (3) insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, whether Congress's purported abrogation . . . is nevertheless valid." *United States v. Georgia*, 546 U.S. 151, 160 (2006); *Babcock v. Michigan*, 812 F.3d 531, 534 (6th Cir. 2016). As to the RA, a state waives its Eleventh Amendment immunity from suit under the Act by accepting federal funds. *Nihiser v. Ohio Envtl. Prot. Agency*, 269 F.3d 626, 628 (6th Cir. 2001).

     Plaintiff's complaint does not specify whether her claim under the ADA is brought as a Title I claim or a Title II claim. The State is immune from a claim under Title I. But it may not be immune from suit under Title II; the Magistrate Judge did not undertake the analysis. The State is not entitled to qualified immunity to a claim under the RA.

7

So, too, does Plaintiff claim that her action is brought under Mich. Comp. Laws § 38.101. The Magistrate Judge did not examine whether the State has consented to waive its sovereign immunity for a suit under that provision.

The court need not undertake a further sovereign immunity analysis, however, because the State of Michigan is entitled to dismissal on other grounds.

### ii. 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown— that the pleader is entitled to relief." *Id.* at 679. The court views the complaint in the light most favorable to the plaintiff and accepts all well-pleaded factual allegations as true. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009). The court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

Mindful of its responsibility to liberally construe the complaints of pro se litigants, *see Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the court assumes at this stage that Plaintiff is attempting to plead a cause of action for Title II employment discrimination against the State of Michigan, a claim for which the State would not necessarily have sovereign immunity.[1] "To establish a claim of discrimination under Title

---

[1] The court does note that the Sixth Circuit has never reached the issue of whether Title II claims may be brought in employment cases. *Whitfield v. Tennessee*, 639 F.3d 253 (6th Cir. 2011) ("Significantly, whereas Title I specifically addresses

8

II, a plaintiff must prove that: (1) she has a disability; (2) she is otherwise qualified; and (3) she is being excluded from participation in, being denied the benefits of, or being subjected to discrimination under the program solely because of her disability." *Everson v. Leis*, 412 F. App'x 771, 774 (6th Cir. 2011). A claim under the Rehabilitation Act requires proof of the same elements, as the two claims "in this circuit share the same substantive standard." *Jones v. Potter*, 488 F.3d 397, 403 (6th Cir. 2007).

Even read liberally, Plaintiff's complaint does not sufficiently set forth a claim for violations of the ADA or RA. Though Plaintiff claims she had "health difficulties" due to her "established disability," (Dkt. #1 Pg. ID 3; *see also id.* at Pg. ID 6), she does not set forth facts demonstrating what that disability is or whether it qualifies as a "disability" under the ADA or RA. More importantly, Plaintiff has set forth no facts demonstrating that she was terminated or forced to transfer schools "solely because of her disability." *Everson*, 412 F. App'x at 774. To the contrary, Plaintiff's complaint indicates that she transferred schools and was eventually terminated after multiple principals wanted her out of their schools. (Dkt. #1 Pg. ID 4 ("Plaintiff was continuously harassed by the principal of Mann Elementary and was told to go back downtown because she did not want me but wanted a math teacher."); *Id.* at Pg. ID (". . . Defendant principal Myrina Scott told union representative Lawson that she was going to do all she could to get me out of her building.").) Nor does Plaintiff set forth any facts demonstrating how the State of Michigan was involved in the alleged discrimination. Defendant State of Michigan

---

employment, Title II address[es] 'public services,' and this court has never decided whether Title II applies to employment cases."); *Dean v. City of Bay City*, 239 F. App'x 107, 112 (6th Cir. 2007) ("[T]his Court declines to reach the novel issue of whether Title II of the ADA applies to employment cases.").

notes that "[Plaintiff] appears to be employed by the Detroit Public School System and not the State of Michigan." (Dkt. #19 Pg. ID 110.) As pled, Plaintiff's complaint—even read liberally—does not state a cause of action against Defendant State of Michigan for violations of the ADA or RA.

Nor has Plaintiff sufficiently pleaded any involvement by the State of Michigan in her termination, allegedly in violation of Mich. Comp. Laws § 38.101. While the court gives wide latitude to the presentations of pro se litigants, it is not required to supply the litigant with legal theories or to furnish additional factual allegations—to do so would inappropriately make the court an advocate for the plaintiff. *See Thompson v. A.J. Rose Mfg. Co.*, No. 99-3728, 2000 WL 302998, at *1 (6th Cir. 2000). Currently there are no factual allegations presented under which the state could be liable. The court will not fashion such and thus become Plaintiff's advocate. Because Plaintiff's complaint does not tie the claim for violation of Mich. Comp. Laws § 38.101 to Defendant State of Michigan, it is properly dismissed.

## C. Plaintiff's Remaining Motions

The Magistrate Judge has also recommended that the court deny Plaintiff's pending motions to challenge the constitutionality of Mich. Comp. Laws § 423.215(3)(m) (Dkt. #9) and for emergency temporary injunctive relief (Dkt. #10). The Magistrate Judge based her recommendation as to the first motion on her conclusion that the State of Michigan is not a proper party to this action because it has sovereign immunity. As to the second motion, the Magistrate Judge noted that Plaintiff had not demonstrated that Plaintiff was likely to succeed on the merits of her claim. (Dkt. #31 Pg. ID 176–77.)

Plaintiff did not enter objections to these findings. However, both motions should be denied without prejudice. As noted above, the State of Michigan is not necessarily entitled to sovereign immunity for all Plaintiffs' claims, and therefore denying her motion to challenge Mich. Comp. Laws § 423.215(3)(m) on that basis alone would be improper. Also, there are additional Defendants in this case, including DPS. And Plaintiff could conceivably, at some point, demonstrate a likelihood of success on the merits.

### III. CONCLUSION

Because Plaintiff has yet to properly serve them, the individual Defendants are entitled to dismissal. So, too, should Defendant State of Michigan be dismissed, as Plaintiff has not properly set forth a claim against the State. Plaintiff's remaining motions should be denied without prejudice. Accordingly,

IT IS ORDERED that Plaintiff's objections (Dkt. #33) are OVERRULED and the Magistrate Judge's Report and Recommendation (Dkt. #31) is ADOPTED IN PART AND INCORPORATED BY REFERENCE except as to Sections II.A and II.C.

IT IS FURTHER ORDERED that Defendant State of Michigan's Motion to Dismiss (Dkt. #19) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Challenge Michigan State Statute (Dkt. #9) is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's Motion for Emergency and Temporary Injunction (Dkt. #10) is DENIED WITHOUT PREJUDICE.

s/Robert H. Cleland          /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: March 2, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 2, 2018, by electronic and/or ordinary mail.

                                                  <u>s/Lisa Wagner                   /</u>
                                                  Case Manager and Deputy Clerk
                                                  (810) 292-6522

S:\Cleland\KNP\Civil\17-11364.BREWER.adopt.in.part.report.recommendation.KNP.RHC.docx