UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VERLINA BREWER,  
        Plaintiff,

v.

DETROIT PUBLIC SCHOOLS,

        Defendant.

Civil Action No.: 17-11364  
Honorable Robert H. Cleland  
Magistrate Judge Elizabeth A. Stafford

_____/

**OPINION AND ORDER GRANTING MOTION FOR RECONSIDERATION OF ORDER STRIKING BREWER'S SECOND AMENDED COMPLAINT AND VACATING THE ORDER TO STRIKE, AND DENYING MOTION FOR RECONSIDERATION OF ORDER DENYING AMENDED MOTION TO COMPEL [ECF NOS. 59, 60]**

### I. Introduction

On January 18, 2019, this Court denied Plaintiff Verlina Brewer's amended motion to compel. [ECF No. 57]. On January 24, 2019, the Court struck Brewer's second amended complaint. [ECF No. 58, 59]. Brewer now moves for reconsideration of those orders. [ECF No. 60].

### II. Analysis

A party moving for reconsideration generally must demonstrate "not only demonstrate a palpable defect by which the Court and the

parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case," although the Court's discretion is not restricted. E.D. Mich. LR 7.1(h)(3). For the reasons explained below, the Court will exercise its discretion to grant reconsideration of its order striking Brewer's amended complaint, but not of its order denying Brewer's amended motion to compel.

### A.

As explained in Brewer's motion for reconsideration, the filing of the second amended complaint was her effort to cure the deficiency of her signature on her amended complaint. [ECF No. 37; ECF No. 60, PageID.528]. Under Federal Rule of Civil Procedure 11(a), "Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." The rule requires the Court to "strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." *Id*. In *Bakshi v. Bank of Maharashtra*, No. 2:07-CV-11214-DT, 2007 WL 1712699, at *1 (E.D. Mich. June 13, 2007), the court denied a motion that bore the signature of the *pro se* plaintiff's

signature "by consent."  This is the way Brewer signed her amended complaint.  [ECF No. 37, PageID.240].

When the Court struck the second amended complaint, it was unaware that that Brewer was trying to cure a Rule 11(a) deficiency.  This unawareness was due in part to the way Defendant Detroit Public Schools (DPS) raised the issue about the deficiency of Brewer's signature on the amended complaint.  Brewer filed her amended complaint in April 2018.  [ECF No. 37].  In November 2018, DPS moved for judgment on the pleadings, and referenced the initial complaint.  [ECF No. 45].  Brewer's responded that she had filed an amended complaint.  [ECF No. 49].  In its reply on December 3, 2018, DPS for the first time asserted that Brewer's amended complaint should be stricken because the signature is not valid.  [ECF No. 51, PageID.397].  It was improper for DPS to raise the issue for the first time in a reply brief.  *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir.2008) ("Raising the issue for the first time in a reply brief does not suffice.") (citation and internal quotation marks omitted).  And since DPS did not actually move to strike, the Court was unaware of the issue until February 2019, when it began preparing a report and recommendation on the motion for judgment on the pleadings.

On January 18, 2019, Brewer filed her "Corrected Amended Complaint and Jury Demand," but she did not identify what she was correcting. [ECF No. 58]. Since no leave of court had been granted to allow Brewer to file another amended complaint, the Court struck it. [ECF No. 59]. When filing her corrected amended complaint and her motion for reconsideration, Brewer appears to have assumed that the Court was already aware of the signature issue raised in DPS's reply brief. She was wrong.

In fact, there was a palpable defect in this Court's understanding of basis for the filing of the corrected amended complaint, and correcting that defect will result in a different disposition. Rule 7.1(h)(3). Rule 11(a) allows a party to correct promptly a signature deficiency, and courts have permitted *pro se* plaintiffs to sign complaints to avoid dismissal. *Becker v. Montgomery*, 532 U.S. 757, 764 (2001); *Huff v. FirstEnergy Corp.*, 2013 WL 3760021 (N.D. Ohio, July 15, 2013); *Dean v. Westchester Cty. P.R.C.*, 309 F.Supp.2d 587, 596 (S.D.N.Y. 2004). The Court thus grants Brewer's motion for reconsideration and vacates its order striking the second amended complaint.

By sitting on the issue of the deficiency of Brewer's signature on her amended complaint, and then raising it only in its reply brief to the motion

4

for judgment on the pleadings, DPS tried to lay a trap that would lead to the dismissal of this action based on gamesmanship rather than the merits. This effort is not well-taken. "The dismissal of a pro se pleading for failure to sign is inappropriate due to the great flexibility accorded a pro se litigant, as opposed to a pleading drafted by an attorney." *Dean,* 309 F.Supp.2d at 596.

**B.**

On December 5, 2018, DPS filed a response to Brewer's motion to compel stating that it should be denied because she did not sign the motion. [ECF No. 52, PageID.405]. DPS cited *Bakshi v. Bank of Maharashtra*, No. 2:07-CV-11214-DT, 2007 WL 1712699, at *1 (E.D. Mich. June 13, 2007), in which the court denied a motion that bore the signature of the *pro se* plaintiff's signature "by consent." Brewer neither replied to DPS's response nor corrected the Rule 11(a) deficiency despite the law cited in the response stating that a court must strike a paper that is not promptly cured. And the Court did not deny Brewer's motion to compel until 44 days after the DPS filed its response and brought the defect to her attention. The Court rejects Brewer's argument in her motion for reconsideration that she was not given enough time to properly sign her

5

amended motion to amend; there is no palpable defect that would warrant reconsideration.

## III. Conclusion

The Court **GRANTS** Brewer's motion for reconsideration of the Order striking her amended complaint and **VACATES** that order, but **DENIES** her request for reconsideration of the order denying her amended motion to compel.

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: February 4, 2019

## **NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of 14 days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

## **CERTIFICATE OF SERVICE**

 The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 4, 2019.

          s/Karri Sandusky on behalf of
          MARLENA WILLIAMS
          Case Manager