UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VERLINA BREWER,            Civil Action No.: 17-11364
                                    Honorable Robert H. Cleland
            Plaintiff,     Magistrate Judge Elizabeth A. Stafford

v.

DETROIT PUBLIC
SCHOOLS,

            Defendant.

_____/

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT, TO DENY AS MOOT
DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS, AND
TO GRANT IN PART AND DENY IN PART DEFENDANT'S
<u>MOTION FOR SUMMARY JUDGMENT [ECF NOS. 38, 45, 53]</u>**

## I.    Introduction

In her amended complaint, Plaintiff Verlina Brewer, proceeding *pro
se,* sues Detroit Public Schools Community District (DPS), her former
employer.  [ECF No. 37; ECF No. 58].  She alleges that DPS failed to
accommodate her disability from asthma, and that it retaliated and
discriminated against her.  [*Id.*].  Brewer claims that these actions violated
the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.* and
the Rehabilitation Act of 1973, 29 U.S.C. § 791, *et seq.*  [*Id.*].  The

Honorable Robert H. Cleland referred this matter to the undersigned for all pretrial matters.  [ECF No. 8].

Three dispositive motions are pending: Brewer's motion for partial summary judgment, and DPS's motions for judgment on the pleadings and for summary judgment.  [ECF Nos. 38, 45, 53].  Brewer's motion for partial summary judgment and DPS's motion for judgment on the pleadings should be denied, while DPS's motion for summary judgment should be granted in part and denied in part.

## II.   Analysis

### A.

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and must identify particular portions of the record that demonstrate the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the movant satisfies this burden, the burden shifts to the non-moving party to go beyond the pleadings and set forth specific facts showing a genuine issue for trial.  *Id.* at 324.  The Court must view the factual evidence in the light most

favorable to the non-moving party.  *Scott v. Harris*, 550 U.S. 372, 380 (2007).

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is governed by the same standards applicable to a motion to dismiss under Rule 12(b)(6).  *Lindsay v. Yates*, 498 F.3d 434, 437 n.5 (6th Cir. 2007).  Thus, to survive a motion for judgment on the pleadings, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

**B.**

In her motion for partial summary judgment, Brewer relies on her own affidavit to assert that she requested a reasonable accommodation for her asthma, *i.e.*, that she be allowed to step out of the room for a nebulizer treatment when needed.  [ECF No. 38].  Her motion should be denied because it does not establish the elements of an ADA claim.  To make a *prima facie* case of intentional discrimination under Title II, Brewer must show that "(1) she has a disability; (2) she is otherwise qualified; and (3) she was being excluded from participation in, denied the benefits of, or

3

subjected to discrimination under the program because of her disability."
*Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015).

Most notably, Brewer does not show that she has a "disability" under
the ADA.  A "disability" under the ADA is "(A) a physical or mental
impairment that substantially limits one or more major life activities of such
individual; (B) a record of such an impairment; or (C) being regarded as
having such an impairment . . . ."  42 U.S.C. § 12102(1).[1]  Brewer provides
no proofs in her motion to corroborate that she has asthma or that it has
limiting effects.  Her "bare assertions" that she has disabling asthma
"without any supporting medical evidence, cannot establish a 'physical or
mental impairment' within the meaning of the ADA."  *Neely v. Benchmark
Family Servs.*, 640 F. App'x 429, 433 (6th Cir. 2016).  Her motion for partial
summary judgment should be denied.

## C.

DPS's motion for judgment on the pleadings relates to Brewer's initial
complaint.  [ECF Nos. 45, 45-1].  In response, Brewer asserted that she

---

[1] The same substantive standards apply to claims under the Rehabilitation
Act, which prohibits discrimination against a person with disability under a
program that receives federal financial assistance.  *Jones v. Potter*, 488
F.3d 397, 403 (6th Cir. 2007); 29 U.S.C. § 794.  Thus, when the Court
refers to the ADA in this report and recommendation, it will mean both the
ADA and the Rehabilitation Act.

had filed an amended complaint.  [ECF No. 49, referring to ECF No. 37].

DPS replied that Brewer's response and her amended complaint were

invalid under Federal Rule of Civil Procedure 11(a) because it bears her

signature "by consent."  [ECF No. 51].  In an opinion and order dated

February 4, 2019, this Court permitted Brewer to cure the deficiency by

filing a corrected amended motion that is the same as the initial amended

complaint except that the corrected version bears her signature.  [ECF Nos.

58, 61].  Since DPS's motion for judgment on the pleadings relates to the

initial complaint, it is now moot.

**D.**

### *1. DPS's Motion for Summary Judgment*

As noted, a "disability" under the ADA is "(A) a physical or mental

impairment that substantially limits one or more major life activities of such

individual; (B) a record of such an impairment; or (C) being regarded as

having such an impairment . . . ."  § 12102(1). In its motion for summary

judgment, [ECF No. 53], DPS cited *Sutton v. United Air Lines, Inc.*, 527

U.S. 471, 482–83 (1999) as holding, "A person whose physical or mental

impairment corrected by medication or other measures does not have an

impairment that presently 'substantially limits' a major life activity."  DPS

argued that, since Brewer testified in her deposition that her asthma is

controlled by an inhaler or nebulizer, a reasonable jury could not conclude that she has an impairment that substantially limits a major life activity. [ECF No. 53, PageID.418; ECF No. 53-1, PageID.427, 429, 431-36].

Citing the alleged inadequacy of Brewer's deposition testimony, DPS also asserted that there was no evidence of the severity of her asthma. [ECF No. 53, PageID.418-19].   DPS pointed out that Brewer testified that she did not know what brings on asthma attacks, did not know how often her asthma attacks occurred, and was able to work at "many different schools" after she left DPS.  [*Id.*; ECF No. 53-1, PageID.425-26, 431, 434-35].

### 2. Brewer's Response

In her response to DPS's motion for summary judgment, Brewer first notes that *Sutton* is no longer good law because the ADA was amended, and now states: "The determination of whether an impairment substantially limits a major life activity shall be made without regard to the ameliorative effects of mitigating measures," including medications.  § 12102(4)(E)(i). This section was added in the ADA Amendments Act of 2008, and was intended to repudiate *Sutton* because it wrongly "narrowed the broad scope of protection intended to be afforded by the ADA, thus eliminating protection for many individuals whom Congress intended to protect." ADA

6

Amendments Act of 2008, PL 110–325, September 25, 2008, 122 Stat 3553.

Brewer also asserts that medical evidence is not required to establish a disability under the ADA, and that she can rely on her own testimony. In a declaration, she states that she was diagnosed with asthma in 2000; that her symptoms as shortness of breath, chest pain and coughing; that it affects her sleep and requires her to use a CPAP machine; and that she receives breathing and steroid treatments. [ECF No. 55, PageID.470-71]. She uses her nebulizer machine every four to six hours and uses a rescue inhaler as needed. [*Id.*]. According to Brewer, since her asthma causes her difficulties with breathing and sleeping, it affects her major life activities.[2]

Brewer also complains that DPS refused to provide any discovery.

### 3. DPS's Reply

In its reply, DPS alleges that Brewer needed to present medical evidence of her alleged disability and its effect on her breathing. [ECF No.

---

[2]Brewer asks for summary judgment in her favor because DPS never answered her amended complaint. [ECF No. 55, PageID.464]. By requesting affirmative relief in her response, Brewer has violated the local rule stating that "a response or reply to a motion must not be combined with a countermotion." E.D. Mich. Electronic Filing Policies and Procedures, R5(f).

56].  According to DPS, her claim that she was diagnosed with asthma and her description of her symptoms are hearsay and are inadmissible because they contradict her deposition.

### 4. Analysis of DPS's Motion for Summary Judgment

The only issue raised by DPS's motion is whether Brewer has a "disability" under the ADA.  The other two factors of the *prima facie* case— whether she was qualified or discriminated against—are not disputed. *Anderson,* 798 F.3d at 357.

Brewer alleges that she has a disability because her asthma substantially limits one or more of her major life activities.  § 12102(1)(A). "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, [and] walking." § 12102(2)(A).  They also include the operation of major bodily functions, including respiratory functions.  29 C.F.R. § 1630.2(i)(1)(ii).  "The term 'substantially limits' shall be construed broadly in favor of expansive coverage, to the maximum extent permitted by the terms of the ADA. 'Substantially limits' is not meant to be a demanding standard."  § 1630.2(j)(1)(i).  Thus, someone can be found to have a disability if her impairment substantially limits her ability "to perform a major life activity as compared to most people in the general population," the "impairment need

not prevent, or significantly or severely restrict" performance of major life activities. § 1630.2(j)(1)(ii).

At issue here is whether Brewer needed to include medical evidence to establish that she has an impairment that substantially limits a major life activity. She relies on her own declaration and states that substantiating medical evidence is not required. According to a recent opinion, the Fifth Circuit agrees. *Williams v. Tarrant Cty. Coll. Dist.*, 717 F. App'x 440, 447 (5th Cir. 2018), *reh'g denied* (Feb. 20, 2018). But the authority in the Sixth Circuit requires Brewer to present medical evidence to support her ADA discrimination claim.

In this circuit, a plaintiff's "bare assertions" of a health condition, "without any supporting medical evidence, cannot establish a 'physical or mental impairment' within the meaning of the ADA." *Neely,* 640 F. App'x at 433. In *Neely*, the court held that the plaintiff's self-described symptoms, "without corroborating medical evidence of any diagnosis are insufficient to establish a substantial limitation on any major life activity." *Id.* at 435. Relying on this precedent, a district court recently granted the defendant's motion for summary judgment because the plaintiff had "not proffered any medical documentation to substantiate that her claimed disability substantially limited her in her ability to work 'compared to most people in

9

the general population,' or to otherwise perform a major life activity, she cannot establish she was disabled." *Stubenrauch v. Citizens Fin. Grp., Inc.*, No. 4:16-CV-12948-TGB, 2018 WL 6171768, at \*10 (E.D. Mich. Nov. 26, 2018).

As such, summary judgment of Brewer's ADA discrimination claim should be granted. That is true even if DPS did not cooperate with discovery, as it was Brewer's responsibility to present corroborating medical evidence. But DPS's motion should be granted only in part because it did not move for summary judgment of Brewer's retaliation claim, or address any of its elements of that claim.

### 5. Brewer's Retaliation Claim

An ADA retaliation claim requires a plaintiff to show that: (1) she was engaged in a protected activity, (2) the exercise of her civil rights was known to the defendant, (3) the defendant subsequently took an adverse employment action, and (4) a causal connection exists between the protected activity and the adverse employment action. *Walborn v. Erie Cnty. Care Facility*, 150 F.3d 584, 588–89 (6th Cir.1998).

Here, Brewer's amended complaint includes factual allegations that DPS retaliated against her for requesting accommodations and making an EEOC complaint. [ECF No. 37, PageID.228-32; ECF No. 58, PageID.510-

13].  Her substantive counts allege that DPS violated the ADA by

"[r]etaliating against Plaintiff through false charges of poor performance and

misconduct after Plaintiff requested accommodations, complained of

discrimination to Defendant, and filed a charge of discrimination with the

EEOC."  [ECF No. 37, PageID.234, 238; ECF No. 58, PageID.515, 519].

She also alleged that DPS terminated her "because of her disability and in

retaliation for her requests for accommodation as well as her complaints

and charge of disability discrimination."  [ECF No. 37, PageID.235, 238;

ECF No. 58, PageID.516, 519].

DPS's motion makes no mention of Brewer's retaliation claim.  [ECF

No. 53].  It mentions Brewer's testimony that she was terminated because

she allegedly used corporal punishment, [*Id.*, PageID.415], but Brewer

states in her declaration that the accusation that she physically abused a

student was false and a pretext for retaliation, [ECF No. 55, PageID.476-

77].[3]

---

[3] DPS likely assumed that Brewer's amended complaint, [ECF No. 37],
would be stricken and thus ignored the retaliation claims when filing the
motion for summary judgment.  DPS had argued in a reply brief that
Brewer's amended complaint should be stricken, but it did not file a motion
to strike and the Court never struck the amended complaint filed in May
2018.  (For more details, see ECF No. 61.)

For these reasons, DPS has not met its initial burden of showing that the absence of a genuine issue of material fact on Brewer's retaliation claim.

## III.   Conclusion

The Court **RECOMMENDS** that Brewer's motion for partial summary judgment **[ECF No. 38]** be **DENIED**; that DPS's motion for judgment on the pleadings **[ECF No. 45]** be **DENIED**; and that DPS's motion for summary judgment **[ECF No. 53]** be **GRANTED IN PART AND DENIED IN PART**.


                                        s/Elizabeth A. Stafford
                                        ELIZABETH A. STAFFORD
                                        United States Magistrate Judge

Dated: February 5, 2019

## <u>NOTICE TO THE PARTIES REGARDING OBJECTIONS</u>

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but

fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 5, 2019.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
