**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

VERLINA BREWER,

      Plaintiff,

v.                                    Case No. 17-11364

DETROIT PUBLIC SCHOOLS,

      Defendant.

_____/

**OPINION AND ORDER ADOPTING IN PART REPORT AND RECOMMENDATION,
SUSTAINING PLAINTIFF'S OBJECTION, OVERRULING DEFENDANT'S
OBJECTION, DENYING AS MOOT DEFENDANT'S MOTION FOR JUDGMENT ON
THE PLEADINGS, AND DENYING MOTIONS FOR SUMMARY JUDGMENT**

        All pretrial matters in this pro se case were referred to Magistrate Judge Stafford

for consideration and recommendation. (ECF No. 8.) Plaintiff's amended complaint

(ECF No. 58) asserts claims under the Americans with Disability Act ("ADA") and the

Rehabilitation Act. There are three motions currently pending before the court: a motion

for partial summary judgment filed by Plaintiff (ECF No. 38), a motion for judgment on

the pleadings filed by Defendant (ECF No. 45), and a motion for summary judgment

filed by Defendant (ECF No. 53.) The magistrate judge issued a report and

recommendation ("R&R") in which she recommends that the court deny Plaintiff's

motion for partial summary judgment, deny as moot Defendant's motion for judgment on

the pleadings, and grant in part Defendant's motion for summary judgment. Both

Plaintiff and Defendant each filed a single objection to the R&R. After reviewing the

R&R and the parties' filings, the court concludes that a hearing is unnecessary. *See*

E.D. Mich. LR 7.1(f)(2).  For the reasons stated below, the court will adopt the R&R in

part in that it recommends denying as moot Defendant's motion for judgment on the pleadings, sustain Plaintiff's objection, overrule Defendant's objection, and deny the pending motions for summary judgment.

## I. STANDARD

The filing of timely objections to an R&R requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Winters*, 782 F.3d 289, 295 n.1 (6th Cir. 2015); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all the relevant evidence previously reviewed by the magistrate judge to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

In order for this court to apply meaningful de novo review, it is insufficient for the objecting party to simply incorporate by reference earlier pleadings or reproduce an earlier unsuccessful motion or response brief. *See Funderburg v. Comm'r of Soc. Sec.*, No. 15-10068, 2016 WL 1104466, at *1 (E.D. Mich. Mar. 22, 2016) (collecting cases from the Eastern District of Michigan). Insufficient objections to a magistrate judge's analysis will ordinarily be treated by the court as an unavailing general objection. *See Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) ("Overly general objections do not satisfy the objection requirement.").

**II. DISCUSSION**

**A. Plaintiff's Objection**

The magistrate judge recommends denying Plaintiff's motion for partial summary judgment on her ADA accommodation claim. To state a prima facie claim under the ADA, Plaintiff must prove that "(1) she has a disability; (2) she is otherwise qualified; and (3) she was being excluded from participation in, denied the benefits of, or subjected to discrimination under the program because of her disability." *Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015). The magistrate judge based her recommendation on her determination that Plaintiff provided "no proofs in her motion to corroborate that she has asthma or that it has limiting effects." (ECF No. 62, PageID 587.) Plaintiff argues that the magistrate judge overlooked medical documentation on the record, specifically documents attached to Plaintiff's original complaint.

Plaintiff attached several exhibits to her original complaint. Relevant here, Plaintiff attached a letter from her medical provider indicating that Plaintiff was seen to complete an ADA Health Care Provider Certificate and describing that Plaintiff "suffers from several medical diagnoses that may require her to step out of the class Fromm for respiratory treatments" (ECF No. 1, PageID 10.) Additionally, Plaintiff attached an ADA Health Care Provider Certification. (ECF No. 1, PageID 14.) The magistrate judge does not reference either of these exhibits in the R&R. Plaintiff twice amended her complaint (ECF No. 37, 58), but failed to attach these exhibits to either amended complaint. Additionally, Plaintiff failed to attach these exhibits to her motion for partial summary judgment, although she does reference the exhibits in her motion. (ECF No. 38, PageID 243–44.) In deciding dispositive motions, the court may consider all evidence "in the

record." *Kyle-Eiland v. Neff*, 408 F. App'x 933, 943 (6th Cir. 2011). The court will sustain Plaintiff's objection because the magistrate judge did not consider Plaintiff's corroborating medical documentation. The court makes no determination that these exhibits suffice to establish that Plaintiff suffers from a disability, but these records do warrant further inquiry.

The court will deny Plaintiff's motion for partial summary judgment because Plaintiff has not put forth sufficient evidence to establish as a matter of law that she was otherwise qualified for her position and experienced an adverse employment action because of her disability. Apart from the allegations in Plaintiff's complaint, the court finds no evidence in the record to establish these required elements of Plaintiff's ADA accommodation claim. Accordingly, the court will deny Plaintiff's motion for partial summary judgment. *See Warf v. United States VA*, 713 F.3d 874, 878 (6th Cir. 2013) ("To defeat a motion for summary judgment a plaintiff 'can no longer rely on the conclusory allegations of its complaint.'") (quoting *Daily Press, Inc. v. United Press Intern.*, 412 F.2d 126, 134 (6th Cir. 1969)).

### B. Defendant's Objection

Defendant's motion for summary judgment focused solely on the ADA discrimination claim and, specifically, the issue of Plaintiff's disability. Defendant's motion did not address the medical documentation attached to Plaintiff's original complaint. The magistrate judge recommended granting summary judgment for Defendant on the ADA accommodation claim based on Plaintiff's failure to provide any evidence to substantiate her claimed disability. But as explained above, the magistrate judge did not consider the exhibits attached to the original complaint. These

undiscussed medical exhibits, coupled with the parties' collective failure to address the other required elements, necessitate the denial of Defendant's motion for summary judgment on Plaintiff's accommodation claim.

Defendant's sole objection to the R&R challenges the magistrate judge's recommendation that it be denied summary judgment on Plaintiff's retaliation claims. As the magistrate judge correctly observes, Defendant never addressed the retaliation claims in its motion. Defendant raises two arguments in its objection. First, Defendant explains that its summary judgment motion addressed only the claims raised in Plaintiff's original complaint, which Defendant asserts did not include a retaliation claim. Even if true, this observation entitles Defendant to no relief. Second, Defendant argues that it should be granted summary judgment because Plaintiff has not supported her retaliation claim with sufficient evidence. (ECF No. 65, PageID 610.) This argument is without merit because Plaintiff need not provide evidence to counter an argument Defendant failed to raise. Defendant's motion for summary judgment did not address Plaintiff's retaliation claims, so Plaintiff had no obligation to defend her claims at this stage. Defendant cannot attempt to raise a new summary judgment argument for the first time in its objections to the R&R. The court will overrule Defendant's objection and deny Defendant's motion for summary judgment.

### III. CONCLUSION

Defendant's motion for judgment on the pleadings became moot upon the filing of Plaintiff's amended complaint. The remaining dispositive motions address only Plaintiff's ADA accommodation claim and focus on the single issue of Plaintiff's claimed disability. However, these motions (and the R&R) do not address the supporting

medical documentation attached to Plaintiff's original complaint, nor do they address any of the other required elements of the ADA claims. In the absence of factually supported and sufficiently developed argument on any of the claims, the court will not grant summary judgment for either party. Accordingly,

IT IS ORDERED that the Magistrate Judge's Report and Recommendation (ECF No. 62) is ADOPTED IN PART as to its recommendation that Defendant's motion for judgment on the pleadings is moot. It is REJECTED on all other grounds.

IT IS ORDERED that Defendant's motion for judgment on the pleadings (ECF No. 45) is DENIED AS MOOT.

IT IS ORDERED that Plaintiff's objection to the R&R (ECF No. 64) is SUSTAINED and Defendant's objection (ECF No. 65) is OVERRULED.

IT IS FURTHER ORDERED that Plaintiff's motion for partial summary judgment (ECF No. 38) is DENIED and Defendant's motion for summary judgment (ECF No. 53) is DENIED. The parties will continue with preparations for trial but may request leave of court to file additional dispositive motions. The case, and this court's order of reference, is continued and returned again to the magistrate judge for trial preparation, including the preparation of jury instructions. (*See* ECF No. 8.)

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  June 6, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 6, 2019, by electronic and/or ordinary mail.

s/Lisa Wagner
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\HEK\Civil\17-11364.BREWER.adopt.in.part.R&R.msj.HEK.2.docx