UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| VERLINA BREWER, | Civil Action No.: 17-11364 |
| | Honorable Robert H. Cleland |
| Plaintiff, | Magistrate Judge Elizabeth A. Stafford |
| v. | |
| DETROIT PUBLIC SCHOOLS, | |
| Defendant. | |

**REPORT AND RECOMMENDATION TO GRANT
MOTION TO DISMISS BECAUSE OF PLAINTIFF'S
VIOLATION OF RULES OF DISCOVERY
AND COURT ORDERS [ECF NO. 101]**

**I.    Introduction**

Plaintiff Verlina Brewer, proceeding *pro se*, sues Detroit Public Schools Community District (DPS), her former employer. [ECF No. 58]. She alleges that DPS failed to accommodate her disability from asthma, and that it retaliated and discriminated against her. [*Id.*]. Brewer claims that these actions violated the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.* and the Rehabilitation Act of 1973, 29 U.S.C. § 791, *et seq.* [*Id.*]. The Honorable Robert H. Cleland referred all pretrial matters to the undersigned. [ECF No. 8]. In May 2020, DPS moved to dismiss because Brewer failed to comply with the rules of discovery or

court orders. [ECF No. 97; ECF No. 101; ECF No. 102]. Brewer filed an unsigned opposition to the motion to dismiss. [ECF No. 110]. The Court recommends that DPS's motion be granted.

## II.   Background

This case is over three year's old. After an initial round of discovery and dispositive motions, this Court provided Brewer with more time for discovery, granted her motion to compel, twice adjourned the dispositive motions deadlines, and appointed her counsel (Jack Schulz). [ECF No. 72; ECF No. 80; ECF No. 85]. But not long after his appointment, Schulz moved to withdraw, stating that Brewer filed her own motion despite Schulz telling her that all motions should be filed by him; Brewer refused to produce documents and evidence in response to DPS's discovery requests despite Schulz advising her that the materials were discoverable; Brewer spoke to him in a demeaning and defiant manner, and insulted his character and integrity; and Brewer demanded that Schulz act in ways that he believed were "repugnant and imprudent." [ECF No. 90]. The Court held a telephonic hearing on the motion for withdrawal on March 12, 2020.[1]

During the hearing, the Court emphasized the breadth of discovery and that filing a lawsuit requires plaintiffs to disclose private information.

---

[1] A transcript of the hearing has been ordered.

2

The Court stressed to Brewer that failure to comply with the rules of discovery could lead to sanctions, including the dismissal of her case. When the Court asked if there was any possibility that Schulz would be able to continue representing Brewer, he repeated that she would not accept his advice and he said that, since filing his motion, he had learned that Brewer had filed two more motions on her own.  Schulz did not believe that the attorney-client relationship could be repaired.  Brewer was given a chance to put on the record her position about whether Schulz's motion to withdraw should be granted.  She then began to detail her disagreements with Schulz about the discovery he said she should produce.  The Court stopped Brewer to tell her that it was not attempting to referee her disagreements with Schulz; the Court only asked for her position on whether Schulz should be allowed to withdraw.  Brewer said that he should not be allowed to withdraw, but she also continued to press her opinion that DPS's discovery requests were improper.

When pressing her opinion, Brewer repeatedly talked over the Court despite being told multiple times to stop doing so.  The Court granted Schulz's motion to withdraw, concluding that it was clear that Brewer would not accept his counsel.  Before closing the record, the Court again warned Brewer of the possible consequences of violating the rules of discovery.

After the hearing, Brewer sent a signed and notarized letter with an attached affidavit in which she interpreted the warnings as "a veiled threat." [ECF No. 109, PageID.949].[2]

Two days later, the Court denied Brewer's motion for another extension of discovery and ordered that renewed dispositive motions be filed by May 13, 2020.  [ECF No. 96].  On the same day of this order, Brewer submitted another signed motion to extend discovery so that she could respond to DPS's discovery requests.  [ECF No. 108].  Brewer blamed Schulz for not completing the responses to the discovery requests but, as noted, she admitted during the hearing that she rejected his advice about DPS's discovery requests.

DPS then moved to compel answers to interrogatories and responses to requests to produce documents, and to deem admitted requests to admit.  [ECF No. 97].  These discovery requests were served on February 14, 2020.  [ECF No. 97-1, PageID.823].  The motion to compel said that Brewer had failed answer the interrogatories or to produce the requested documents, and that although Schulz had signed responses to the requests

---

[2] Brewer also revealed that her conflicts with Schulz included an accusation that she committed Social Security fraud.  [*Id.*, PageID.950].

4

to admit, Brewer had failed to sign.[3] [ECF No. 97; ECF No. 97-2, PageID.826]. The responses signed by Schulz to the requests to admit stated that Brewer applied for Social Security disability in 2008 and that she received Social Security Disability payments for her asthma while she was teaching for DPS in 2016. [ECF No. 97-2]. An unanswered interrogatory question asked Brewer to "[e]xplain in specific detail how you swore in your social security disability case that you were unable to work due to asthma, but claim in this case that you were qualified for your position." [ECF No. 97-1, PageID.819]. A corresponding request for production of documents requested a signed authorization for release of all records that supported the interrogatory answer. [*Id.*].

The Court ordered Brewer to respond to the motion to compel by April 14, 2020. [ECF No. 98]. The Director of the Federal Pro Se Legal Clinic made a limited appearance to move to extend the deadline for Brewer's response, which was granted, giving Brewer until April 28, 2020 to respond. [ECF No. 99; ECF No. 100]. No response was filed by that date. Instead, on April 29, 2020, Brewer signed and mailed a motion for leave to

---

[3] Federal Rule of Civil Procedure 36(a)(3) says that a request to admit must be signed "by the party *or* its attorney." (Emphasis added). So Schulz's signature during the period of his representation binds Brewer to the admitted answers.

5

submit a second motion for summary judgment. [ECF No. 105]. The next week, Brewer mailed a letter to Judge Cleland requesting the same relief. [ECF No. 113]. Brewer never responded to DPS's motion to compel.

On May 13, 2020, DPS filed its motion to dismiss and a supplemental brief. [ECF No. 101; ECF No. 102]. DPS said that Brewer had still not served sufficient answers to interrogatories or responses to its document requests. [ECF No. 101, PageID.854]. DPS also argued that Brewer had failed to explain how she had sworn to be unable to work for her Social Security disability application yet claimed that she was qualified for her position as a teacher. [ECF No. 102, PageID.860]. DPS contended that Brewer's failure to explain this inconsistency was grounds to have her complaint dismissed. [*Id.* (citing *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806-807 (1999)]. The Court ordered Brewer to respond to DPS's motion to dismiss by June 3, 2020. [ECF No. 104]. Brewer filed a timely response, but it is unsigned. [ECF No. 110]. And while Brewer says in her response that she has provided DPS with responsive documents, she did not show that she submitted signed answers to interrogatories or responses to document requests, as required by Federal Rule of Civil Procedure 26(g). [*Id.*].

6

In June 2020, Brewer also filed a signed motion for sanctions; a signed letter with exhibits to a motion for default that Brewer said she had sent earlier; and a signed motion to refuse second summary judgment and to order a settlement conference. [ECF No. 111; ECF No. 112; ECF No. 114].

### III. Analysis

In moving for dismissal, DPS relies on Federal Rules of Civil Procedure 37 and 41. [ECF No. 101]. Under Rule 37, a party who fails to answer interrogatories or produce requested discovery may be sanctioned with dismissal. Rule 37(d)(3) (incorporating by reference Rule 37(b)(2)(A)(i)-(vi)). "The use of dismissal as a sanction for failing to comply with discovery has been upheld because it accomplishes the dual purpose of punishing the offending party and deterring similar litigants from such misconduct in the future." *Bass v. Jostens, Inc.*, 71 F.3d 237, 241. (6th Cir. 1995). On a motion to dismiss under Rule 37(d)(3), a court must consider four factors:

> The first factor is whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; the second factor is whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; the third factor is whether the dismissed party was warned that failure to cooperate could lead to dismissal; and the fourth factor is whether less drastic sanctions were imposed or considered before dismissal was ordered.

7

*Id.* The same factors must be evaluated for a Rule 41(b) motion for involuntary dismissal because of a failure to comply with the Rules of Civil Procedure or a court order. *Knoll v. American Tel. & Tel. Co.,* 176 F.3d 359, 363 (6th Cir. 1999). Except under circumstances that do not apply here, an involuntary dismissal under Rule 41(b) "operates as an adjudication on the merits."

Here, an evaluation of these factors favors dismissal with prejudice.

*1. Willfulness, Bad Faith or Fault*

To qualify as "bad faith, willfulness, or fault," a party's conduct "must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [her] conduct on those proceedings." *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001) (quoting *Shepard Claims Serv. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir.1986)). In other words, there must be "a clear record of delay or contumacious conduct" that is "perverse in resisting authority and stubbornly disobedient." *Carpenter v. City of Flint*, 723 F.3d 700, 704-705 (6th Cir. 2013) (internal citations and quotations omitted).

Here, the record shows that Brewer has stubbornly resisted the authority of this Court and the demands of the rules of civil discovery. She refused Schulz's advice and efforts to secure proper responses to

8

discovery.  Then, Brewer filed no response to DPS's motion to compel despite the Court ordering her to respond, and despite being given an extension of time to do so.  And though Brewer responded to DPS's motion to dismiss, she did not sign the response.

Brewer was warned more than once about the requirement of Federal Rule of Civil Procedure 11(a) that she sign papers filed with this Court. [ECF No. 57; ECF No. 61].  She was warned in writing that this "rule requires the Court to 'strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.'" [ECF No. 61, PageID.578-579, (citing Rule 11(a); *Bakshi v. Bank of Maharashtra*, No. 2:07-CV-11214-DT, 2007 WL 1712699, at *1 (E.D. Mich. June 13, 2007)].  After these warnings, when Brewer has acted without counsel, she has signed her filings.  [*See, e.g.*, ECF No. 105; ECF No. 108; ECF No. 109; ECF No. 111; ECF No. 112; ECF No. 113; ECF No. 114]. She both signed and had notarized the affidavit that she filed in March 2020.  [ECF No. 109].  Her failure to sign her response to the motion to dismiss is inexplicable.

In effect, Brewer has filed no response to the motion to dismiss.  And while Brewer said in her response that she submitted some documents to DPS, she does not show that she signed answers to interrogatories or

responses to the requests for production of documents. Under Rule 26(g), every discovery response or objection must be signed by an unrepresented party to certify that to the best of the person's "knowledge, information, and belief formed after a reasonable inquiry," the responses were complete and correct at the time made, consistent with the law, and nonfrivolous.

Brewer's interaction with her attorney and her numerous filings evidence an unyielding view that her demands for relief should be met without her having to defer to the Rules of Civil Procedure or orders of the Court. [*See* ECF No. 90, PageID.775-778; ECF No. 111; ECF No. 112; ECF No. 113]. Instead of engaging properly in discovery and motion practice, Brewer has been focused on pursuing her grievances against DPS, defense counsel, Schulz and the undersigned. [*See* ECF No. 90; ECF No. 108; ECF No. 109; ECF No. 111; ECF No. 112; ECF No. 113]. She has been stubbornly disobedient, so the first factor weighs in favor of dismissal. *See Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997) (dismissal proper when plaintiff failed to respond to motion to compel, failed to comply with order requiring plaintiff to respond to discovery request, and failed to respond to motion to dismiss).

### 2. *Prejudice to Adversary*

The prejudice factor requires a showing that the moving party was "required to waste, time, money and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." *Harmon*, 110 F.3d at 368. In *Harmon*, the court recognized that the defendant had suffered prejudice from the plaintiff's failure to respond to interrogatories because the defendant was unable to obtain information, and had wasted time, money and effort in pursuit of the plaintiff's cooperation.

Here, DPS served Brewer with the discovery requests in February 2020, moved to compel responses in March 2020 and moved to dismiss in May 2020. Despite these efforts, Brewer has not provided discovery responses that address issues at the heart of her prima facie case. [ECF No. 97-1]. Most prominently, Brewer has not explained how she was able to receive Social Security disability payments for the same period in which she alleges that she was qualified for her position with DPS. As DPS notes, "When faced with a plaintiff's previous sworn statement asserting 'total disability' or the like, the court should require an explanation of any apparent inconsistency with the necessary elements of an ADA claim." *Cleveland*, 526 U.S. at 807.

DPS should not be forced to expend more resources on this case, responding to Brewer's abundant motions for relief, when she has failed to cooperate with discovery or abide by the Court's orders to respond to DPS's motions.

### 3. Prior Warnings and Consideration of Lesser Sanctions

A prior warning is necessary before an involuntary dismissal only if there is no evidence of bad faith or contumacious conduct. *Harmon*, 110 F.3d at 368; *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997). Because the Court finds that Brewer has been stubbornly disobedient, no prior warning is required. Even so, at the hearing about Schulz's motion to withdraw, the Court did give Brewer a warning that she risked having her case dismissed if she failed to comply with discovery requests. [ECF No. 109, PageID.949]. Brewer viewed this warning as a "veiled threat," [*id.*], and she did not heed the warning. Instead, her filings show her efforts to justify her refusal to cooperate with discovery. [*Id.*, PageID.949-950; ECF No. 95]. Brewer continued to disagree with the "broad ranged request and the irrelevant nature of some of the request[s]." [ECF No. 95, PageID.793]. And as noted, she then failed to respond to the motion to compel and to respond effectively to the motion to dismiss.

12

When a party has engaged in contumacious conduct, a district court is not "without power to dismiss a complaint, as the first and only sanction, solely on the basis of the plaintiff's counsel's neglect." *Harmon*, 110 F.3d at 368. "Presented with a record of sufficiently egregious conduct, then, this court need not hesitate to conclude that a district court has not abused its discretion by ordering dismissal as the first and only sanction." *Id.* at 369. There was a record of sufficiently egregious conduct in *Harmon*. The plaintiff had failed to adequately respond to discovery, failed to respond to a motion to compel, failed to follow an order to fully and completely respond to discovery, and failed to respond to the motion to dismiss. *Id.* at 365-366.

Some of the details of Brewer's misconduct are different than the plaintiff's in *Harmon*, but the record here is no less egregious. Unlike in *Harmon*, this Court did not order Brewer to respond fully and completely to the discovery. But this Court did warn Brewer of the risk of dismissal for failure to complete discovery—no such warning had been issued in *Harmon*. Brewer also failed to comply with an order to respond to the motion to compel, while there is no indication in *Harmon* of the plaintiff being specifically ordered to respond to the motion to compel at issue there. *See id.* at 365-366. Although the details are different here, Brewer's stubborn disobedience is equal to the plaintiff's in *Harmon*.

13

"Clearly it is difficult to define the quantity or quality of the misconduct which may justify dismissal with prejudice as the first and only sanction." *Id.* at 368. That said, the undersigned cannot envision any lesser sanction that will persuade Brewer to cooperate with discovery or respect the orders of the Court. Dismissal with prejudice is justified.

## IV. Conclusion

The Court **RECOMMENDS** that DPS's motion to dismiss **[ECF No. 101]** be **GRANTED** and that all other pending motions be denied as moot.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: July 10, 2020

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 10, 2020.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
