# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

VERLINA BREWER,

    Plaintiff,

v.                                                  Case No. 17-11364

DETROIT PUBLIC SCHOOLS COMMUNITY
DISTRICT,

    Defendant.
_____/

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING DEFENDANT DETROIT PUBLIC SCHOOLS COMMUNITY DISTRICT'S MOTION TO DISMISS, AND DENYING PLAINTIFF'S PENDING MOTIONS**

*Pro se* Plaintiff Verlina Brewer, a former teacher with the Detroit Public Schools Community District ("DPS"), brings various claims related to her employment with DPS and her allegedly unlawful discharge. (ECF No. 1.) The Magistrate Judge issued a Report and Recommendation ("R&R") advising that the court should grant Defendant DPS's Motion to Dismiss as an appropriate sanction under Federal Rules of Civil Procedure 37 and 41 (ECF No. 101), because Plaintiff repeatedly failed to provide timely responses to Defendant's interrogatories and ignored filing deadlines. (ECF No. 115.) The Magistrate Judge also recommended that all other outstanding motions be denied as moot. (*Id.*)  Plaintiff filed a timely objection to the R&R arguing that her conduct does not justify dismissal. She argues that her non-compliance during discovery did not result from willful conduct or bad faith. (ECF 117.)  Second, she argues that Defendant was not actually prejudiced by her late filings. (*Id.*) The court has

determined that a hearing is unnecessary. E.D. Mich. L.R. 7.1(f)(2). For the reasons stated below and in the R&R, the court will overrule Plaintiff's objections and adopt the R&R.

## I. BACKGROUND

After over three years of litigation, including more than two years of discovery, (ECF No. 42), Plaintiff has still not fully responded to initial discovery disclosures, including Defendant's First Set of Interrogatories, (ECF No. 97-1), and she has failed to respond to a motion to compel such discovery despite a court order and an extension, (ECF No. 97; ECF No. 98). Plaintiff's claims are largely based on DPS's alleged failure to provide workplace accommodations as required by the Americans with Disabilities Act. (ECF No. 1.)

Magistrate Judge Stafford, who oversaw all pre-trial matters in the case, repeatedly provided Plaintiff with more time to work on discovery and even appointed counsel, Jack Schultz, to represent her. (ECF No. 72; ECF No. 80; ECF No. 85.) But Schultz quickly withdrew from the case. He claimed Plaintiff refused to accept his advice that she provide adequate responses to Defendant's discovery requests, spoke to him in a demeaning manner, pressured him to advance unfounded legal arguments beyond the scope of the case, and even filed additional motions with the court without his knowledge while he was representing Plaintiff. (ECF No. 90.)

When Magistrate Judge Stafford held a telephonic hearing on Schultz's motion to withdraw, Plaintiff repeatedly talked over the court despite multiple warnings. (ECF No. 116, PageID.1088–89, 91.) During the hearing, the court cautioned Plaintiff that her failure to comply with discovery could result in sanctions "including financial

2

sanctions, and the dismissal of your lawsuit." (*Id.* at PageID.1086, 91.) The court ultimately granted Schultz's motion to withdraw. (*Id.*) In a subsequent letter to the court, Plaintiff complained about Magistrate Judge Stafford (accusing Judge Stafford of violating her First Amendment rights) and stated that she interpreted the court's warning about possible sanctions to be a "veiled threat." (ECF No. 109, PageID.949.)

Days after the hearing, the court issued an order denying Plaintiff's request to extend discovery beyond April 13th, 2020 and denied her motion to limit the scope of discovery and the number of interrogatories. (ECF No. 96.) Defendant then filed a motion to compel answers to the interrogatories, produce requested documents, and make Plaintiff properly sign her response to Defendant's requests to admit. (ECF No. 97.) The court filed a subsequent order making clear that a response to Defendant's motion to compel was required by April 14, 2020. Even after this deadline was missed, the court granted a fourteen-day extension due to the pandemic but Plaintiff again failed to file a timely response. (ECF No. 100.) Instead, Plaintiff has filed numerous other motions. (*See* ECF Nos. 105, 111, 112.)

Since Plaintiff still had not filed a response to the motion to compel, on May 13, 2020, Defendants moved for dismissal under Federal Rules of Civil Procedure 37(d)(1)(A)(ii) and 41(b), citing Plaintiff's repeated failure to abide by the rules of discovery and follow the court's orders. (ECF No. 101.) Defendants argued that while Plaintiff had emailed some responsive information, she had done so in a "piece-meal fashion on different pages" incompatible with Local Rule 26.1 and that disclosures were "insufficient, not answered under oath, and unsigned." (ECF No. 102.)

3

Plaintiff filed a response to Defendant's motion to dismiss, but the response was not properly signed. (*See* ECF No. 110, Page.ID.955.) In her response, Plaintiff argued that the pandemic had interfered with her production of discovery and accused Defendant of being uncooperative during discovery by refusing to accept some of the documents she produced. (*Id.* at 953–54.) Considering this briefing, Magistrate Judge Stafford then issued a R&R granting the motion to dismiss after concluding it was the appropriate sanction for Plaintiff's conduct. (ECF No. 115.) Plaintiff filed a timely objection which the court now considers. (ECF No. 117.)

## II. STANDARD

The timely filing of objections to an R&R requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *Gant v. Genco I, Inc.*, 274 F. App'x 429, 431–32 (6th Cir. 2008). The court must then re-examine all evidence relevant to the objected-to portion of the R&R and determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981), enabling the court "to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all

the objections a party may have.'" *Alspaugh v. McConnell*, 643 F.3d 162, 166 (6th Cir. 2011) (quoting *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991)).

## II. DISCUSSION

Because of Plaintiff's repeated refusal to cooperate with discovery and file timely responses as required by court order, the Magistrate Judge recommends dismissal with prejudice, concluding the misconduct was sufficient to justify dismissal as the first and only sanction. (ECF No. 115, PageID.1078.) Federal Rule of Civil Procedure 37(b)(2) provides for sanctions where a party fails to comply with a discovery order. Such sanctions may include limiting the disobedient party's proofs or testimony, striking pleadings, monetary sanctions, and dismissing an action when it is the plaintiff who has failed to comply. Rule 41(b) also provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action." When issuing discovery sanctions, the district court is given discretion to determine the appropriate sanction. *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366 (6th Cir. 1997).

The Sixth Circuit has provided a list of four factors that a should be considered before dismissing a case for a discovery violation.

> (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) 'whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery'; (3) 'whether the dismissed party was warned that failure to cooperate could lead to dismissal'; and (4) 'whether less drastic sanctions were imposed or considered before dismissal was ordered.'

*Id.* at 366–67 (quoting *Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 153–55 (6th Cir. 1988)).

5

Plaintiff concedes the R&R applied the proper legal standard when it considered these four factors in its recommendations, however, she appears to object to the R&R's analysis under the first two factors.

**A. Plaintiff's Failure to Cooperate is the Result of Willfulness or Bad Faith**

Plaintiff's first objection to the R&R is that her failure to comply with discovery was not the result of willfulness or bad faith, but instead was precipitated by Defendant's own actions and failures during the discovery process. (ECF No. 117 PageID.1099.) Specifically, she justifies her failure to comply with discovery by pointing out that it took "almost two years" for Defendant to answer her initial interrogatories and alleges that the eventual responses contained false information. (*Id.* 1099–1100.) It seems Plaintiff is abandoning her earlier argument—that her failure to comply with discovery was largely the result of various logistical issues—by instead pointing to Defendant's conduct. (ECF No. 110, PageID.953.) Plaintiff's new contentions, even taken at face value, do nothing to justify her conduct.

First, Plaintiff seems aware—she has filed at least four motions to compel discovery so far, (ECF No. 39, 47, 63, 74)—that the proper way to address non-compliance is a motion to compel discovery, not purposeful retaliation. Second, remedies exist for purposeful falsification of discovery responses under Rule 37(b)(2); again, retaliation is never the proper remedy. *See, e.g., Freddie v. Marten Transport, Ltd.*, 428 F. App'x 801, 804 (10th Cir.2011) (upholding dismissal as a sanction for willfully withholding highly relevant evidence and providing false deposition testimony).

The R&R contains ample evidence establishing that Plaintiff's non-compliance with discovery demonstrated "a clear record of delay or contumacious conduct" that is

6

"perverse in resisting authority and stubbornly disobedient." *Carpenter v. City of Flint*, 723 F.3d 700, 704–05 (6th Cir. 2013) (quotations omitted). The court appointed counsel for Plaintiff, but she still refused to comply with discovery causing the attorney to withdraw. (ECF No. 90, Page.ID.776 ("Plaintiff refused to listen to Attorney Schulz on the necessity of nearly any requested discovery").) Plaintiff admitted, during the hearing on the motion to withdraw, that she was still unwilling to provide complete discovery stating, "I'm not just going to just let them go into my medical records or whatever without a date." (ECF No. 116, Page.ID.1088.) Despite being advised by Magistrate Judge Stafford that "the things that you were saying about the parameters of the law [regarding discovery] are not consistent with my understanding of the law," and being warned that continued non-compliance could result in severe sanction—including dismissal—Plaintiff still has not fully complied with discovery. (*Id.* at 1089, 1086.) When the court sought an explanation for Plaintiff's non-compliance by ordering a response to Defendant's motion to compel discovery, Plaintiff failed to file a timely response, despite receiving an additional extension. (ECF No. 97, 98, 100.) Considering that over two years has elapsed since discovery commenced in this case, Plaintiff's own statements and actions are sufficient to demonstrate stubborn disobedience and resistance. *See Carpenter*, 723 F.3d at 704–05.

## B. Defendant was Prejudiced by Plaintiff's Actions

Plaintiff also objects to the R&R's conclusion that defendant has been prejudiced by her failure to provide discovery disclosures. (ECF No. 117, Page.ID.1100–01.) Plaintiff alleges the information she has disclosed so far confirms the core tenants of her case: that she had a medical condition and had a right to seek accommodations to

continue working. (*Id.*) Further, she points to Defendant's alleged falsification of discovery responses as providing additional support for her position. (*Id.*)

Even assuming Plaintiff's piecemeal disclosures support the basic elements of her claims, such a conclusion does not establish a lack of prejudice. Rule 26 provides for "[l]iberal discovery" in civil cases for the "purpose of assisting in the preparation and trial." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984). Defendant is entitled to full discovery so it can mount an effective defense, in *Harmon*, the Sixth Circuit made clear that a party is prejudiced when "unable to secure the information requested" and "required to waste time, money, and effort in pursuit of cooperation which [the responding party] was legally obligated to provide." 110 F.3d at 368. After over two years of discovery, Plaintiff has failed to provide Defendant with full answers to even initial discovery disclosures despite Defendant's efforts. Additionally, the extended discovery timeline has forced Defendant to expend significant effort responding to Plaintiff's own, often meritless, discovery motions. (*See, e.g.,* ECF No. 63, 67, 74, 95.)

### C. Plaintiff was Warned that Dismissal was a Possible Sanction

The R&R provides a detailed account of how Plaintiff received prior warning that sanctions could include voluntary dismissal, which she later dismissed as a veiled threat on the part of the court. (ECF. No. 115, PageID.1076.) Plaintiff now concedes that she was warned, (ECF No. 117, Page.ID.1101), so this factor is not being seriously contested.

### D. Dismissal was Appropriate as the First and Only Sanction

Plaintiff also does not offer a specific objection to the Magistrate Judge's conclusion that her conduct was sufficiently egregious to justify dismissal as the first and only sanction. (ECF No. 115, PageID.1077 (citing *Harmon*, 110 F.3d at 368).) Consequently, an objection on such grounds has not been preserved. *See Alspaugh*, 643 F.3d at 166. Nevertheless, the record demonstrates that a lesser sanction seems unlikely to deter Plaintiff's improper conduct.  Even while this motion to dismiss has been pending, Plaintiff has filed a number of new—largely baseless—motions including a motion for sanctions against Defendant and a renewed Motion for Reassignment. (*See, e.g.,* ECF No. 111, 120.) Plaintiff's continued abuse of the litigation process has not been curtailed by the impending possibility of dismissal so it seems unlikely that a lesser sanction would have prevented further abuses.

### III. CONCLUSION

Because Plaintiff willfully ignored both its obligation to comply with discovery—for over two years—and failed to file a timely response to Defendant's motion to compel, dismissal of Plaintiff's claims are an appropriate sanction under Federal Rules of Civil Procedure 37(d)(1)(A)(ii) and 41(b).  Accordingly,

IT IS ORDERED that Plaintiff's objections (ECF No. 117) are OVERRULED and the Magistrate Judge's Report and Recommendation (ECF No. 115) is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that Defendant Detroit Public Schools Community District's Motion to Dismiss (ECF No. 101) is GRANTED.

9

IT IS FURTHER ORDERED that all other outstanding motions are DENIED AS MOOT.

                                              s/Robert H. Cleland           /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: September 29, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 29, 2020, by electronic and/or ordinary mail.

                                              s/Lisa Wagner              /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\AAB\Opinions and Orders\Civil\17-11364.BREWER.adopt.report.recommendation.AAB.docx